DILLARD CLARK et al. v. S. A. GARRETT et al.

1. CHANCERY PLEADINGS AND PRACTICE. *Retrial.* A party cannot have a retrial of a cause once heard and determined by a court having jurisdiction of the parties and subject-matter, merely because the result is not satisfactory or erroneous, the former judgment or decree being conclusive in the absence of fraud.

2. SAME. *Defect in title. Bill of review. Original bill.* The discovery, after a judicial partition, of a defect of title in some of the land partitioned, would be no ground for a bill of review for newly discovered evidence, unless the defect were specifically pointed out, and some excuse given for not sooner making the discovery, and then only upon leave of the court; and if part of the land allotted be taken by superior title, the remedy is by an original bill in chancery.

3. SAME. *Pending suit.* A bill cannot be maintained which seeks relief upon matters shown by the bill itself to be undetermined in a pending suit to which the complainants are parties.

4. SAME. *Bill of review. Final decree.* A bill of review for error apparent will not lie under our practice unless the decree sought to be reviewed is final, except perhaps where the decree could not be superseded.

5. SAME. *Matters of litigation shall all be disposed of at once.* It is erroneous to dispose of one part of a case by a decree settling rights and directing their enforcement before the whole matters of litigation between the same parties are ready to be finally determined.

FROM OVERTON.

Appeal from the Chancery Court at Livingston. W. G. CROWLEY, Ch.

J. D. GOODPASTURE for complainants.

R. A. COX and J. P. MURRAY for defendants.

COOPER, J., delivered the opinion of the court.

Bill of review in the county court, which was dismissed on demurrer, and complainants appealed.

On February 1, 1875, the present defendants filed their petition in the county court against the present complainants, then infants, and Reuben Clark, their father, for partition of certain lands mentioned, held by the complainants and the infant defendants as tenants in common, for partition thereof, the infant defendants being entitled to an undivided fourth. The defendants were brought in by service of process, and the infants answered by a guardian *ad litem* duly appointed. In their answer it was admitted that the partition was proper, but it was added that the petitioners had occupied and used the lands for many years, and cut and sold a large quantity of valuable timber, and it was asked that an account be taken of the rents and timber, and a decree be rendered in favor of the infants for their share. The guardian *ad litem* was a solicitor of the court. Reuben Clark, the father of the infant defendants, filed his answer by the same solicitor, in which he insisted upon the same matters on behalf of his children. Upon these answers a decree was rendered, reciting the facts, declaring the interest of the parties in the lands and their right to a partition, and appointing commissioners to divide the land. The decree then recited the claim of the defendants for an account of the rents and timber, and states that "by agreement of the parties" the question is reserved whether the defend-

ants are entitled to anything for rents. or value of timber.

At the July term, 1875, the report of partition was confirmed, the only exception put in by the defendants being that the commissioners were not sworn according to the Code, sec. 3280.

The present bill was filed April 11, 1876, by the infant defendants in the former suit by Reuben Clark, their guardian and next friend, against the petitioners in that suit, "as a bill of review, or a bill in the nature of a bill of review." It sets out the foregoing facts, and makes the proceedings in the original suit a part of this suit. It charges "that the original suit is still pending and undetermined," the account of rents and profits and value of timber used being specially reserved by the court, "by the agreement of parties," and these questions having not yet been adjudicated and decreed upon, are still to be decided. The 'errors apparent relied on are:

1. That there was a decree for partition before an account of the rents was taken.

2. That the report of partition was confirmed and title vested accordingly, without adjudicating the questions reserved.

3. The commissioners were not sworn at the time or before they made partition.

4. Only two of the commissioners and the surveyor sign the report.

The bill further charges that in the allotment great injustice was done the complainants, the share allotted to them not being worth half as much as either of

the other shares, and that since the confirmation the complainants have discovered that the title to a part of the land partitioned is in dispute, and that the parties have no title to another part. The complainants further say that it is to the interest of the parties that the land be sold instead of partitioned. They pray that the decrees in the former cause be reversed, the partition set aside, an account of rents and timber be 'taken, the land sold, and the proceeds divided.

The bill is one of those which may be classified as anomalous. So far as it rests upon the injustice of the allotment, it seeks a new partition without offering the slightest legal excuse for not objecting on this ground to the report of the commissioners in the former case. So far as it seeks for a sale instead of a partition, the relief is precisely what might have been had in the former suit if proper. In these respects the bill is an original bill for another trial, after the complainants have had their day in court, with their father and present next friend as a codefendant, and with one of the solicitors who signs this bill as their then guardian *ad litem.*

It is scarcely necessary to repeat what this court has so often said, that parties cannot have a retrial of a cause once heard and determined by a court having jurisdiction of the parties and the subject-matter, merely because the result is not satisfactory or erroneous. In the absence of fraud the decree is conclusive: *Pardue* v. *West*, 1 Lea, 729.

The discovery of a defect in the title of some of

the lands partitioned would be no ground for a bill of review for newly discovered evidence, unless the defect were specifically pointed out, and some excuse given for not sooner making the discovery, and then only upon leave of the court. If by reason of a superior title part of the land allotted to the complainants had been taken from them, the remedy would be by original bill in a court of chancery: *Sawyers.* v. *Carter,* 8 Hum., 256. And so far as the bill seeks relief on the ground of rents received and timber sold, it shows on its face that these very matters were reserved in the former suit "by the agreement of parties," and are yet pending and undetermined in that suit. In all these respects there is clearly no equity in the bill.

The difficulty which meets this bill at the threshold, when treated as a bill of review for errors apparent, is, that the decree sought to be reviewed is not final, as shown by the bill itself. The complainants charge, as we have just seen, that the suit was still pending and undetermined on the matters of account reserved. A bill of review is in the nature of a writ of error, and as a writ of error will not lie under our practice except upon a final decree as a matter of right, neither will a bill of review. It would be contrary to the spirit of our legislation, which restrains the correction of errors until after the rendition of a final decree with a view to limit litigation, to allow any error in the progress of a suit in equity to form the basis of an independent bill of review: *Johnston* v. *Hanner,* 2 Lea, 10. The ordi-

nary mode of correcting errors might still be resorted to after the case was finally disposed of.

Undoubtedly it is erroneous to dispose of one part of a case between the same parties by a decree not only settling rights, but directing those rights to be enforced accordingly, before the whole of the matters of litigation between those parties are ready to be finally determined. The reason is, that the dissatisfied party may be thus deprived of his right of imperative appeal, which the law concedes to him before the execution of the decree. It is the duty, therefore, of the court to have only one hearing on the merits, and not allow a litigation between the same parties to be split up into separate suits, and to reserve the execution of its decrees until any dissatisfied litigant may appeal as of right. If the court should order the execution of a decree in advance of the final hearing, the remedy is by *supersedeas*, under the Code, sec. 3933. And if the decree were such as could not be superseded, we are not prepared to say that a bill of review for errors apparent would not lie. There might otherwise be no remedy for the oppressed suitor.

In this case, however, the decree for partition was made upon pleadings which conceded its propriety, and by agreement reserved the other questions. So, no objection was made to the confirmation of the partition because of the matters reserved, and the only exception to the report was one based upon a directory requirement of the statute: *Wilcox* v. *Cannon*, 1 Cold., 370. No right of the parties under the ques-

tions reserved would be prejudiced by the partition, and the partition itself could not be impeached, upon the record as it stands, by appeal. The suggestion of the bill that one of the commissioners had not signed the report of partition, is not sustained by the record; nor does it appear on the face of the decree that the commissioners were not sworn before they proceeded to make partition, although it does appear that they afterwards made affidavit to the report.

Affirm the decree with costs.