LOUISVILLE & N. R. Co. *v.* RAGAN.

(*Nashville,* December Term, 1937.)

Opinion filed March 5, 1938.

Jeff McCarn, of Nashville, for appellant Ragan.

A. W. Stockell, of Nashville, for appellee Louisville & N. R. Co.

Mr. Chief Justice Green delivered the opinion of the Court.

This bill was filed by the complainant to enjoin the prosecution of a suit brought against it by the defendant in the circuit court at St. Louis, Mo. From the decree overruling his demurrer to the bill, the defendant was permitted an appeal to this court.

The bill shows that defendant Ragan was formerly in the employment of Nashville Terminals, an organization operated jointly by complainant Louisville & Nashville Railroad Company and the Nashville, Chattanooga & St. Louis Railway. He worked at Radnor Yards in Nashville in Davidson county, Tenn. Defendant is now and has been for many years a resident himself of Nashville, Tenn.

It appears from the bill that in 1934 the defendant instituted a suit against the two railroad companies at Nashville to recover damages for personal injuries alleged to have been sustained by him while in the employ of Nashville Terminals. It further appears that defendant instituted another suit against the two railroad companies at Nashville to recover for alleged under-payment of wages during the period he was employed

at Nashville Terminals. Both these suits were dismissed on grounds not involving their merits.

On November 20, 1936, defendant instituted a third suit against the complainant Louisville & Nashville Railroad Company in the circuit court at St. Louis, Mo., to recover damages for personal injuries alleged to have been sustained in the same accident while in the employ of Nashville Terminals. This suit, the bill avers, was brought under the Federal Employers' Liability Act, 45 U. S. C. A., secton 51, et seq.

It is set out in the bill that all the witnesses to the alleged accident upon which the suit at St. Louis is based live at Nashville. That certain physicians whose testimony will be required as to the nature and origin of plaintiff's injuries or disabilities live in Nashville. That if required to try this suit at St. Louis, the complainant herein will be under the necessity of transporting these witnesses to St. Louis and paying their expenses while there. That the witnesses are for the most part engaged in the employ of the complainant and their absence will disrupt its service. That the transportation of the doctors to St. Louis will involve not only their expenses, but reasonable professional compensation for their absence from their business, and that the trial of the case at St. Louis will be generally oppressive upon the complainant.

The bill likewise discloses that complainant Louisville & Nashville Railroad Company is a carrier engaged in interstate commerce, its lines running through several states. That its lines do not run into the state of Missouri, although it has freight and passenger offices there, the lines of the railroad ending at East St. Louis, Ill., and its trains there being turned over to a terminal organization which takes them into St. Louis.

 A suit of this kind brought by a resident of a particular state in the courts of another state against a railroad company whose lines do not reach the latter state, respecting an accident which occurred in the state of the plaintiff's domicile, is a burden on interstate commerce which will not be permitted. This is true when the railroad company operates in the state of plaintiff's domicile and the witnesses live in the state of plaintiff's domicile, are employees of the railroad company, and will have to be transported to the foreign state at the railroad company's expense and to the detriment of its service. *Davis* v. *Farmers' Co-operative Co.*, 262 U. S., 312, 43 S. Ct., 556, 67 L. Ed., 996; *Atchison, etc., Ry. Co.* v. *Wells*, 265 U. S., 101, 44 S. Ct., 469, 68 L. Ed., 928; *Michigan Central R. Co.* v. *Mix*, 278 U. S., 492, 49 S. Ct., 207, 73 L. Ed., 470.

Upon the allegations of the bill, the prosecution of this suit could doubtless be abated or restrained in the Missouri courts. The only question open is whether the chancery court in Tennessee will interfere by injunction to restrain this suit so brought in another jurisdiction. The defendant herein relies on *American Express Co.* v. *Fox*, 135 Tenn., 489, 187 S. W., 1117, Ann. Cas., 1918B, 1148. That was a case in which this court declined to enjoin a suit by a resident of Shelby county, Tenn., brought in DeSoto county, Miss., respecting an accident that happened in Shelby county, Tenn., the defendant having offices and doing business in both states.

The facts of that case differentiate it wholly from the case before us. DeSoto county, Miss., adjoins Shelby county, Tenn. It was not contended that the defendant would be burdened or oppressed or put to any particular additional expense if required to try the case in DeSoto

county, Miss. The whole effort there was to escape the Mississippi law which was thought to be less favorable to the express company than the Tennessee law. Moreover, the express company had previously declined to submit to the jurisdiction of the Tennessee court and had removed this case to the United States court where a nonsuit was taken prior to the suit in Mississippi.

We fully recognized in *American Express Company* v. *Fox, supra,* the power of the courts of this state in a proper case to restrain a citizen of the state from prosecuting a suit in the courts of another state. See *American National Bank of Nashville* v. *Guardian Life Insurance Company of America et al.,* 172 Tenn., 547, 113 S. W. (2d), 401, decided Feb. 12, 1938.

■ Under the decisions of the Supreme Court of the United States above cited, the suit brought by defendant here against complainant here, in St. Louis, the facts being as they are, must be regarded as oppressive and, as such, calling for injunctive relief against its prosecution.

The courts of other states appear to have frequently enjoined suits by their citizens growing out of accidents in their jurisdiction against railroad companies in the states to which the lines of those companies did not reach, where the trial of such cases in the foreign states would put the railroad companies defending the suits to unnecessary expense and disruption of service.

The decree of the chancellor is affirmed.