IN THE COURT OF APPEALS OF TENNESSEE
AT NASHVILLE
June 29, 2012 Session

## ERIE INSURANCE EXCHANGE v. GARY ROSE, INDIVIDUALLY AND D/B/A AMERICAN MASONRY AND CAPITAL BUILDERS, LLC

Appeal from the Chancery Court for Davidson County
No. 081566IV     Russell T. Perkins, Chancellor

No. M2011-02495-COA-R3-CV - Filed July 24, 2012

Defendant in a lawsuit filed in Williamson County appeals the dismissal of its separate action filed in Davidson County seeking a declaratory judgment; the Davidson County action was dismissed on the basis of prior suit pending. Finding no error, we affirm.

**Tenn. R. App. P. 3 Appeal as of Right; Judgment of the Chancery Court Affirmed**

RICHARD H. DINKINS, J., delivered the opinion of the court, in which FRANK G. CLEMENT, JR. and ANDY D. BENNETT, JJ., joined.

David B. Scott and T. William A. Caldwell, Nashville, Tennessee, for the Appellant, Erie Insurance Exchange.

Brett A. Oeser, Nashville, Tennessee, for the Appellee, Capital Builders, LLC.

Gary Rose, Lexington, Kentucky, Pro Se, not participating.

**OPINION**

On October 24, 2007, Capital Builders, LLC ("Capital"), a general contractor on a building construction project in Williamson County, filed a complaint in Williamson County Chancery Court (the "Williamson County action") against Gary Rose, individually and doing business as American Masonry (hereinafter "Rose"), Capital's masonry subcontractor on the project, and Erie Insurance Exchange ("Erie"), which issued a general liability insurance policy for Rose. The complaint alleged that, pursuant to its subcontract with Capital, Rose agreed to maintain commercial general liability insurance and to have Capital named as an additional insured under the policy; that a structural masonry wall being erected by Rose collapsed and resulted in damage to Capital; and that, despite demand, Rose and Erie "failed to reimburse [Capital] for its losses." Capital asserted claims of negligence against Rose, bad

faith failure to pay promptly against Erie, and breach of contract against both parties. On May 30, 2008, a default judgment was entered against Rose.

On July 15, 2008, Erie filed a complaint in Davidson County Chancery Court (the "Davidson County action") against Rose and Capital seeking a declaratory judgment that the insurance policy issued to Rose excluded coverage for the claims brought by Capital in the Williamson County action and that Erie did not have a duty to defend Rose in that action. Capital answered the complaint and asserted, *inter alia*, that the declaratory judgment action should be dismissed or transferred to the Williamson County Chancery Court pursuant to the doctrine of prior suit pending. In a counterclaim, Capital alleged that Erie and Rose had failed to reimburse Capital for its losses, and that Erie had breached its contractual obligations under the insurance policy. Neither Rose nor American Masonry responded to the complaint and, on October 16, 2009, a default judgment was entered against them.

On May 10, 2010, Erie filed a motion to dismiss Capital's counterclaim on the ground that the counterclaim restated claims which Capital had alleged in the Williamson County action and, therefore, was barred by the doctrine of prior suit pending. Capital responded to the motion, arguing that "to the extent the doctrine of prior suit pending applies in this action, it applies to all claims asserted in this action, including those asserted by Erie." On July 6, 2010, the Court granted the motion. Three days later, Capital filed a motion to dismiss Erie's complaint on the ground of prior suit pending; Erie filed a response opposing the motion. The court granted the motion.

Erie appeals and articulates the following issue:

Does the doctrine of prior suit pending preclude an insurance company from filing a declaratory judgment action regarding insuring coverage for an insured when that company is concurrently defending a claim by another party under the same policy?

DISCUSSION

The doctrine of prior suit pending dictates that a case is subject to dismissal if there is a prior lawsuit pending that involves the same parties and the same subject matter. *See, e.g., Cockburn v. Howard Johnson, Inc.*, 385 S.W.2d 101, 102 (Tenn. 1964). Our courts have consistently held that where two courts have concurrent jurisdiction over a matter, the first of those courts to acquire jurisdiction takes exclusive jurisdiction over it, and the subsequent action must be dismissed. *Estate of McFerren v. Infinity Transp., LLC*, 197 S.W.3d 743, 746 (Tenn. Workers Comp. Panel 2006). There are four elements necessary to establish the defense of prior suit pending: 1) the lawsuits must involve identical subject matter; 2) the lawsuits must be between the same parties; 3) the former lawsuit must be

pending in a court having subject matter jurisdiction over the dispute; and 4) the former lawsuit must be pending in a court having personal jurisdiction over the parties. *West v. Vought Aircraft Indus., Inc.*, 256 S.W.3d 618, 623 (Tenn. 2008); *see also Metro. Dev. & Housing Agency v. Brown Stove,* 637 S.W.2d 876, 878 (Tenn. Ct. App. 1982). The resolution of a motion to dismiss on the ground of prior suit pending is a legal rather than a factual issue which we review *de novo* with no presumption of correctness. *West v. Vought Aircraft Indus., Inc.*, 256 S.W.3d 618, 622 (Tenn. 2008) (citing *House v. Estate of Edmondson*, 245 S.W.3d 372, 378 (Tenn. 2008)).

Erie concedes on appeal that both lawsuits involve the same parties and that the Williamson County Chancery Court has personal jurisdiction as well as jurisdiction to issue a declaratory judgment. It asserts, however, that the subject matter of the lawsuits is not identical; that the statutes governing declaratory judgments, Tenn. Code Ann. § 29-14-101, *et seq.*, "do not require an insurer to intervene with coverage issues in a pending lawsuit"; that "bringing a cross claim against Mr. Rose would interject evidence of liability insurance into a construction defects case"; and that "if an insurer were required to intervene it could potentially prejudice the insured and insurer."

In *Tallent v. Sherrell*, this Court set forth the test for determining whether two lawsuits involve identical subject matter and held that "[t]he test of the question of subject matter is whether the judgment in the first suit could be pleaded to the second suit in bar as former adjudication." *Tallent v. Sherrell*, 184 S.W.2d 561, 563 (Tenn. Ct. App. 1944); *see also Fid. & Guar. Life Ins. Co. v. Corley*, W2002-02633-COA-R9-CV, 2003 WL 23099685 (Tenn. Ct. App. Dec. 31, 2003); *Metro. Dev. & Hous. Agency v. Brown Stove Works, Inc.*, 637 S.W.2d 876, 879 (Tenn. Ct. App. 1982).

After review of the pleadings in both suits, we conclude that the actions involve identical subject matter, and we agree with the trial court that the Davidson County action is barred as a result of the suit pending in Williamson County. The complaint in the Williamson County action alleged that Capital was an insured under the policy, that Erie breached its contractual obligations to Capital,[1] and that it failed to pay Capital promptly in

---

[1] With respect to the breach of contract claim asserted against Erie, Capital alleged in pertinent part:

27. [Capital] is an "Insured" under the Policy.
28. Upon information and belief, the Policy obligate[d] Erie to reimburse [Capital] for those sums [Capital] is legally obligated to pay as damages because of property damages to which the Policy applies.
29. [Capital] was legally obligated to pay damages because of property damages to which the Policy applied.
30. [Capital] made demand on Erie to satisfy its obligations under the policy. Despite this demand, Erie has failed to do so.

(continued...)

violation of Tenn. Code Ann. § 56-7-105. Contrary to Erie's assertions on appeal, its "rights and obligations" under the insurance policy it issued to Rose were the subject matter of the Williamson County lawsuit. The manner and extent to which Erie was obligated to reimburse Capital for its losses and whether it was obligated to indemnify or defend Rose were issues raised by the complaint.

Erie's ability to seek a declaratory judgment of its rights and obligations under the insurance policy pursuant to the applicable statutes does not prevent the application of the doctrine of prior suit pending. The question presented is whether Erie is required to bring its declaratory judgment claim as part of the Williamson County action, rather than in a separate proceeding. Because we have determined that the subject matter of the two suits is the same, and the other elements necessary to apply the doctrine of prior suit pending have been met, Erie is required to bring its declaratory judgment claim in the Williamson County action.[2] Because it is already a party to the Williamson County action, Erie is not "required to intervene" in the action.

With respect to Erie's argument that a cross-claim would "interject" evidence of liability insurance into the Williamson County action, Erie's rights and obligations under the insurance policy are part of the subject matter of that action. Inasmuch as Capital has alleged that Erie breached the contract of insurance, evidence regarding the insurance policy will be already be a part of the proof in resolution of the case and Erie would not be improperly prejudiced by the introduction of evidence of the coverage available under the policy. In any event, as to Erie's concerns regarding potential prejudice, it may seek a separate trial pursuant to Tenn. R. Civ. P. 42.02.[3]

---

[1](...continued)
31. Erie's failure to satisfy its obligations to [Capital] under the Policy constitutes a breach of its contractual obligations.

[2] Although not raised by either party, Tenn. R. Civ. P. 13.01, which requires that a party being sued state as a counterclaim "any claim, other than a tort claim, which at the time of serving the pleading the pleader has against any opposing party, if it arises out of the transaction or occurrence that is the subject matter of the opposing party's claim," would also require Erie's claim for a a declaration of its rights and liabilities be litigated in the Williamson County action.

[3] Tenn. R. Civ. P. 42.02 states:

The court for convenience or to avoid prejudice may in jury trials order a separate trial of any one or more claims, cross-claims, counterclaims, or third-party claims, or issues on which a jury trial has been waived by all parties. For the same purposes the Court may, in nonjury trials, order a separate trial of any one or more claims, cross-claims, counterclaims, third-party claims, or issues.

CONCLUSION

For the aforementioned reasons, the judgment of the Chancery Court for Davidson County is AFFIRMED.

_____
RICHARD H. DINKINS, JUDGE