IN THE COURT OF APPEALS OF TENNESSEE
AT NASHVILLE
August 23, 2012 Session

**FEDERAL DEPOSIT INSURANCE CORPORATION AS RECEIVER FOR
TENNESSEE COMMERCE BANK v. BILL CHAPMAN, JR.;
LISA CHAPMAN; CHAPMAN VENTURES, LLC F/K/A
CHAPMAN HOMES, LLC; STATE OF TENNESSEE**

**Appeal from the Chancery Court for Williamson County
No. 39381, 38545     James G. Martin, III, Chancellor**

————————————

**No. M2011-02433-COA-R3-CV - Filed August 31, 2012**

————————————

Defendants in suit to reform deed of trust or warranty deed appeal the denial of their motion to dismiss action on ground of prior suit pending. Finding no error, we affirm.

**Tenn. R. App. P. 3 Appeal as of Right; Judgment of the Chancery Court Affirmed**

RICHARD H. DINKINS, J., delivered the opinion of the court, in which PATRICIA J. COTTRELL, P. J., M. S., and ANDY D. BENNETT, J., joined.

Charles M. Cain, Franklin, Tennessee, for the Appellants, Bill Chapman, Jr., Lisa Chapman, and Chapman Ventures, LLC.

W. Gary Blackburn, Nashville, Tennessee, for the Appellee, Federal Deposit Insurance Corporation.

**OPINION**

Bill Chapman and Lisa Chapman, a married couple, purchased property located at 1401 Adams Street in Franklin, Tennessee, on September 28, 2007; they funded the purchase with a loan from Tennessee Commerce Bank (the "Bank"), signing a promissory note for $525,000 in their individual capacities. The note was secured by a deed of trust, also signed by the Chapmans individually. The warranty deed to the property, however, vested the property in Chapman Homes, LLC, rather than in Mr. and Ms. Chapman individually.

The Chapmans defaulted on the loan. The Bank initiated foreclosure proceedings, at which time it discovered that the property was not held in the names of Mr. and Mrs. Chapman. As a result, the Bank presented a claim to Fidelity National Title Group, Inc. and Chicago Title Insurance Company, which issued a mortgage title insurance policy in favor of the Bank ("Title Companies"). The Title Companies failed to pay the claim or acknowledge responsibility.

On June 16, 2010, the Bank filed suit against the Title Companies in the chancery court for Williamson County (the "First Case") for breach of title insurance contract and bad faith refusal to pay the insurance claim; in the same action, the Bank sued Mr. and Ms. Chapman for the unpaid balance of the note, interest, and attorneys' fees. On August 27 the Bank moved for a default judgment against Mr. and Ms. Chapman; on October 5 the court entered a default judgment against Mr. and Ms. Chapman and granted the Bank judgment in the amount of $538,466.41 and attorneys fees of $12,425.34.

On January 27, 2011, the Bank brought an action against the Chapmans and Chapman Ventures, LLC, formerly known as Chapman Homes, LLC, the State of Tennessee Department of Revenue, and Adolf Solomon, Jr., seeking to reform the warranty deed or deed of trust, or, alternatively, seeking to grant an equitable lien on the property (the "Second Case").[1]

On March 24, 2011, Mr. and Ms. Chapman filed a Rule 60.02 motion for relief from the October 5, 2010 judgment in the First Case. On April 7 the Bank filed a motion seeking to have the court make the judgment entered on October 5 final in accordance with Tenn. R. Civ. P. 54.02. On May 20 the court entered an order granting the Chapman's motion with respect to the computation of damages in the First Case and set a hearing on damages for June 14;[2] following a hearing the court entered an order granting the Bank judgment against the Chapmans for $508,804.21 and counsel fees of $14,349.18. The court directed that the judgment be final.

On June 8 the Bank filed a Motion for Default in the Second Case. Mr. and Ms. Chapman and Chapman Ventures, LLC, filed a joint answer on June 14 asserting, in part, the

---

[1] The Tennessee Department of Revenue had filed a Notice of State Tax Lien against Chapman Construction Enterprises and was included for notice purposes; the complaint alleged that the Bank believed "that this is not the same person or entity as any of the named Defendants." Adolf Solomon, Jr., was included because he held a judgment against Bill Chapman of record in the Williamson County Register's Office.

[2] An order was entered on June 7 resetting the hearing for June 20.

affirmative defense of prior case pending. On July 21 the Bank filed a motion to consolidate the First and Second Cases.[3]

On August 5 the Title Companies filed a Motion to Alter or Amend in the First Case, requesting that the court amend the order entered July 8 to reflect that the judgment was not a final judgment; as grounds for the requested relief, the motion stated:

> [The Bank] has filed a Motion to Consolidate a case it filed against the Chapmans seeking reformation of the underlying Deed of Trust. Fidelity and Chicago Title respectfully request that this Court alter or amend its Order entered on July 8, 2011 to reflect that the judgment against the Chapmans is not a final judgment pursuant to Rule 54.02 and that such judgment will not be final until the Court has had the opportunity to consider whether the Plaintiff's action for reformation of the Deed of Trust is well-taken.

On August 2 Mr. and Ms. Chapman moved to amend their answer in the Second Case to add the defense of *res judicata*, and on August 8 the Bank filed a motion for summary judgment in the Second Case, with supporting materials, for the purpose of reforming the warranty deed.[4]

On August 15 the court held a hearing on the Bank's Motion to Consolidate and the Title Companies' Motion to Amend. The court granted both motions, consolidating the First Case and the Second Case and amending the July 8 order to remove the finding that the order was final.

On August 24 Mr. and Ms. Chapman moved to dismiss the Second Case based on the doctrine of prior suit pending; the Chapmans also filed a response to the summary judgment motion.[5]

On August 30 the court entered an order granting the Bank's motion to consolidate the cases and the Title Companies' motion to alter or amend the July 8 order.

---

[3] There was one motion filed under the captions and case numbers of both cases.

[4] The materials filed in support of the motion included a Statement of Uncontested Material Facts (with attachments) and excerpts from the depositions of the Chapmans.

[5] The response included a memorandum and a reply to the Statement of Uncontested Material Facts in which the Chapmans stated that each fact was "undisputed."

On September 26 the court held a hearing on the motion to dismiss and the Bank's Motion for Summary Judgment. On October 5 the court entered an order granting the Bank's Motion for Summary Judgment, ordering that the warranty deed be amended and reformed, entering as a final judgment the monetary judgment against Mr. and Mrs. Chapman and denying Mr. and Mrs. Chapman's Motion to Dismiss.

The Chapmans appeal, stating the following issue:

> Whether the trial court erred in denying the Chapman's Motion to Dismiss the Second Case under TENN. R. CIV. P. 12.02(6) and the doctrine of prior case pending?

DISCUSSION

The doctrine of prior suit pending holds that a case is subject to dismissal if there is a prior lawsuit pending that involves the same parties and the same subject matter. *See, e.g.*, *Cockburn v. Howard Johnson, Inc.*, 385 S.W.2d 101, 102 (Tenn. 1964). There are four elements necessary to establish the defense: 1) the lawsuits must involve identical subject matter; 2) the lawsuits must be between the same parties; 3) the former lawsuit must be pending in a court having subject matter jurisdiction over the dispute; and 4) the former lawsuit must be pending in a court having personal jurisdiction over the parties. *West v. Vought Aircraft Indus., Inc.*, 256 S.W.3d 618, 623 (Tenn. 2008); *see also Metro. Dev. & Hous. Agency v. Brown Stove Works, Inc.*, 637 S.W.2d 876, 879 (Tenn. Ct. App. 1982). The resolution of a motion to dismiss on the ground of prior suit pending is a legal rather than a factual issue which we review *de novo* with no presumption of correctness. *West*, 256 S.W.3d at 618 (citing *House v. Estate of Edmondson*, 245 S.W.3d 372, 378 (Tenn. 2008)).

In this case, jurisdiction over the parties and subject matter, the first elements necessary to establish the prior case pending doctrine, is not disputed. The Chapmans argue that the subject matter of both cases was identical and that the parties were "sufficiently similar" to require that the Second Case be dismissed. We respectfully disagree.

In *Tallent v. Sherrell*, this Court set forth the test for determining whether two lawsuits involve identical subject matter and held that "[t]he test of the question of subject matter is whether the judgment in the first suit could be pleaded to the second suit in bar as former adjudication." *Tallent v. Sherrell*, 184 S.W.2d 561, 563 (Tenn. Ct. App. 1944); *see also Fid. & Guar. Life Ins. Co. v. Corley*, No. W2002-02633-COA-R9-CV, 2003 WL 23099685 (Tenn. Ct. App. Dec. 31, 2003); *Metro. Dev. & Hous. Agency*, 637 S.W.2d at 879.

While both actions arose out of the Chapmans' purchase of the property, the legal basis of each action and the relief sought against the parties to the action was separate and distinct. In the first action the Bank sought to recover from the Chapmans on the note and from the Title Companies on the mortgage title insurance policy; the relief sought was damages. The second action sought equitable relief relative to the property, including reformation of the warranty deed or deed of trust, an equitable lien, judicial foreclosure and sale of the property.

While the Chapmans argue that they are the sole members of Chapman Ventures, thereby making the parties to the two suits identical for purposes of applying the prior suit pending doctrine, that fact, standing alone, does not override the fact that different relief was sought in the two cases, which affected the parties necessary to afford relief.[6] Judgment in the First Case could not have been pled as a bar to the Second Case. This is what the trial court properly considered when it held in the August 30 order that "the matters were sufficiently related that it was appropriate to consolidate these cases for all purposes and that the motions of Fidelity and Chicago Title should be granted so that all remaining issues may be resolved in a consistent and economical manner."

CONCLUSION

For the foregoing reasons, the Judgment of the Chancery court is AFFIRMED.

---

RICHARD H. DINKINS, JUDGE

---

[6] We note the following statement of the Bank in its motion to consolidate the cases:

> Chicago Title exercised its right to insist that Tennessee Commerce Bank participate in this suit asking that the deed under which the Chapmans had the property purchased with funds supplied by the bank be reformed so that the Deed of Trust and the Deed conveying fee simple title would correspond.