IN THE COURT OF APPEALS OF TENNESSEE
AT NASHVILLE
June 5, 2019 Session

## JEFFREY HEATLEY ET AL. v. DAVID G. GAITHER ET AL.

**Appeal from the Circuit Court for Putnam County**
**No. 2018-CV-60     Amy V. Hollars, Judge**

_____

**No. M2018-01792-COA-R3-CV**

_____

This is an appeal from the dismissal of the plaintiffs' second lawsuit against adjacent property owners arising from the discovery of a leaking septic tank on the plaintiffs' property. In their first lawsuit, the plaintiffs sued their neighbors in chancery court for negligence and trespass after discovering that the leaking septic tank was connected to a mental health facility on their neighbors' property. While the first action was still pending, the plaintiffs filed this action against their neighbors for continuing nuisance and trespass arising from the leaking septic tank. The defendants moved for summary judgment based on the doctrine of prior suit pending. The plaintiffs opposed the motion and requested additional time to conduct discovery. After the trial court granted summary judgment to the defendants, the plaintiffs appealed. We conclude that the requested discovery was unnecessary to respond to the defendants' motion and that all the elements of the defense of prior suit pending were present. So we affirm.

**Tenn. R. App. P. 3 Appeal as of Right; Judgment of the Circuit Court Affirmed**

W. NEAL MCBRAYER, J., delivered the opinion of the court, in which FRANK G. CLEMENT, JR., P.J., M.S., and ANDY D. BENNETT, J., joined.

G. Kline Preston IV, Nashville, Tennessee, for the appellants, Jeffrey Heatley and Estate of Kathryn Heatley.

Douglas L. Dunn, Knoxville, Tennessee, for the appellees, Generations-Gaither's Inc., David G. Gaither, and Patricia W. Gaither.

# MEMORANDUM OPINION[1]

## I.

Jeffrey Heatley and his wife,[2] own property next to David and Patricia Gaither. These adjoining properties were previously owned by Melvin Malone and his wife, Anna Rose Malone, as one parcel. In the late 1960s, the Malones installed an underground sewage disposal system for their home that included two septic tanks. Almost thirty years later, the Malones subdivided their property. As a result, the Malone house was located on what would become the Gaither property and part of the house's septic system was located underneath what would become the Heatley property.

In October 2013, the Heatleys notified David Gaither that they had uncovered a clay pipe on their property that led to the Gaither property. On or about October 30, 2013, the parties discovered that the clay pipe connected Skylar House, a mental health facility on the Gaither property, to a septic tank on the Heatley property. Mr. Gaither had the newly discovered tank emptied on November 4, and he applied for the necessary permit to permanently disconnect the tank. Shortly thereafter, he arranged to close the facilities at Skylar House that were connected to the septic line. The septic line was permanently severed and sealed under the supervision of the Tennessee Department of Environment and Conservation on or about February 21, 2014.

On January 23, 2014, before the tank was permanently disconnected, the Heatleys filed their first action against David and Patricia Gaither and two related entities, Gaither's Inc. and Generations-Gaither's Inc., (collectively, the "Gaithers") in the Chancery Court for Putnam County, Tennessee. The complaint alleged that sewage or wastewater was continuously leaking from the newly discovered septic tank. Among other things, the Heatleys asserted claims against the Gaithers for negligence and trespass. According to the Heatleys, even after the septic line was permanently disconnected, the tank continued to leak, apparently from contents that had accumulated after the tank was emptied but before the line was permanently severed.

The Gaithers moved for summary judgment on all claims. The Heatleys opposed the dismissal of their negligence and trespass claims. And they moved to amend their complaint to "reflect the status and facts of the case which have persisted since October 30, 2013" and add claims for gross negligence, nuisance, and continuing trespass. The chancery court granted summary judgment to the Gaithers on all claims and denied the

---

[1] Under the rules of this Court, as a memorandum opinion, this opinion may not be published, "cited[,] or relied on for any reason in any unrelated case." Tenn. Ct. App. R. 10.

[2] Mrs. Heatley died during the previous litigation and her estate was substituted as party plaintiff.

Heatleys' motion to amend the complaint. The Heatleys appealed to this Court on March 7, 2018.

On April 10, 2018, while their appeal in the first case was pending, the Heatleys filed a new complaint against David and Patricia Gaither and Generations-Gaither's, Inc. in Putnam County Circuit Court based on the leaking septic tank. This time, the Heatleys asserted claims for nuisance and trespass but specifically limited the time frame of their claims to "all occurrences and all times beginning on January 24, 2014[, the day after the filing of the first action,] to the present." They requested both monetary damages and an order requiring the Gaithers to remove the septic tank and clean the Heatley property.

The Gaithers moved for summary judgment based on the doctrine of prior suit pending. The Heatleys opposed the motion, arguing that the subject matter of the two cases differed because the second action involved new occurrences after the first complaint was filed. The Heatleys also asked the court to allow time for additional discovery.

The circuit court granted summary judgment to the Gaithers and dismissed the second case on September 5, 2018. After the circuit court's ruling, this Court issued its opinion in the appeal of the first case. *See Heatley v. Gaither*, No. M2018-00461-COA-R3-CV, 2018 WL 6706287 (Tenn. Ct. App. Dec. 19, 2018). We affirmed the chancery court's grant of summary judgment on trespass but reversed the grant of summary judgment on negligence because the Gaithers failed to affirmatively negate an essential element of the negligence claim. Based on the partial reversal of the summary judgment decision, we also vacated the chancery court's denial of the motion to amend the complaint and remanded the first case to the chancery court for further proceedings.

## II.

### A.

When two courts in this state have concurrent jurisdiction, the first one to obtain both personal and subject matter jurisdiction retains exclusive jurisdiction to settle all issues between the parties, and the second case must be dismissed. *Metro. Dev. & Hous. Agency v. Brown Stove Works, Inc.*, 637 S.W.2d 876, 878-79 (Tenn. Ct. App. 1982). Prior suit pending is a rule of jurisdictional priority. *See id.* (explaining that the first court's exclusive jurisdiction continues until all matters between the parties "are disposed of, *and no court of coordinate authority is at liberty to interfere with its action*"). If the doctrine applies, the second court lacks subject matter jurisdiction. *See Haggard v. Aguilar*, No. 2009-02452-COA-R3-CV, 2010 WL 4962884, at *2 (Tenn. Ct. App. Dec. 7, 2010). The applicability of the doctrine of prior suit pending is a question of law, which we review de novo with no presumption of correctness. *Fid. & Guar. Life Ins. Co. v.*

3

*Corley*, No. W2002-02633-COA-R9-CV, 2003 WL 23099685, at *3 (Tenn. Ct. App. Dec. 31, 2003).

The defense of prior suit pending has four elements: (1) "the lawsuits must involve identical subject matter;" (2) "the lawsuits must be between the same parties;" (3) the first court must have subject matter jurisdiction; and (4) the first court must have personal jurisdiction over the parties. *West v. Vought Aircraft Indus., Inc.*, 256 S.W.3d 618, 623 (Tenn. 2008) (footnote omitted). Here, three elements are undisputed. The Heatleys only challenge the identity of the subject matter. To determine whether the subject matter is the same, we apply res judicata principles. *Fid. & Guar. Life Ins. Co.*, 2003 WL 23099685 at *4. Two lawsuits involve the same cause of action for res judicata purposes "where they arise out of the same transaction or a series of connected transactions." *Creech v. Addington*, 281 S.W.3d 363, 381 (Tenn. 2009).

We conclude that the underlying facts in both actions are identical. The Heatleys complain that the septic tank has been leaking since October 31, 2013, and the Gaithers have failed to alleviate the problem. Whether couched in terms of negligence, nuisance, or trespass, all of their claims in both actions arise from the "same transaction or series of connected transactions"—the leaking septic tank. *See id.* The Heatleys have not alleged any new wrongful conduct in their second action. Rather, they simply assert that the damage caused by the leaking septic tank continues unabated. *Cf. id.* (noting that res judicata may be inapplicable "where in the interval [between the two actions] the facts have changed or new facts have occurred which may alter the legal rights or relations of the litigants." (quoting *Banks v. Banks*, 77 S.W.2d 74, 76 (Tenn. Ct. App. 1934)). The Heatleys concede that the only difference between the two lawsuits is the time frame. But this temporal difference does not change the subject matter of the lawsuit. *See Sledge v. Tenn. Dep't of Corr.*, No. M2017-01510-COA-R3-CV, 2018 WL 2230673, at *4 (Tenn. Ct. App. May 16, 2018), *perm. app. denied*, (Tenn. Aug. 10, 2018) (affirming dismissal of second action challenging Department of Correction's application of sentence credits even though second action concerned different time period).

The Heatleys' argument that they are entitled to bring successive actions because the Gaithers created a continuing or temporary nuisance does not change our conclusion.[3] Certainly, if the Gaithers are found liable for creating a temporary nuisance, the Heatleys may file successive actions to recover their damages until the nuisance is abated. *See Pate v. City of Martin*, 614 S.W.2d 46, 48 (Tenn. 1981); *see also City of Nashville v. Comer*, 12 S.W. 1027, 1028-29 (Tenn. 1890) (explaining that the plaintiff may bring successive actions to recover additional damages accrued subsequent to the last recovery). But the Gaithers' liability for nuisance must be established before the court

---

[3] The Heatleys also asserted a claim for continuing trespass. This Court ruled in the appeal of the first case that the Heatleys cannot establish a claim for trespass under these facts. *See Heatley*, 2018 WL 6706287, at *5.

4

turns to the question of the appropriate relief. *See City of Nashville*, 12 S.W. at 1029 (noting that the recovery in the first action establishes the plaintiff's right to bring the subsequent actions); *see also Lane v. W.J. Curry & Sons*, 92 S.W.3d 355, 364-65 (Tenn. 2002) (differentiating between liability for nuisance and the available remedies). In the first action, we vacated the court's denial of the Heatleys' motion to amend their complaint to add a nuisance claim and remanded the case with instructions to reconsider the motion. Thus, the Heatleys have the opportunity to litigate their nuisance theory in the first action.[4] Only after liability has been established may the Heatleys bring another action for additional accrued damages, if necessary.

## B.

As a second issue on appeal, the Heatleys complain that the court should have allowed time for discovery before ruling on the summary judgment motion. *See* Tenn. R. Civ. P. 56.07. We review the trial court's decision for an abuse of discretion. *Regions Fin. Corp. v. Marsh USA, Inc.*, 310 S.W.3d 382, 401 (Tenn. Ct. App. 2009). A trial court's denial of a party's request for additional time for discovery "must be viewed in the context of the issues being tried and the posture of the case at the time the request for discovery is made." *Cardiac Anesthesia Servs., PLLC v. Jones*, 385 S.W.3d 530, 537-38 (Tenn. Ct. App. 2012) (quoting *Regions Fin. Corp.*, 310 S.W.3d at 401).

As discussed above, the sole issue to be determined on summary judgment was whether the action pending in chancery court involved the same subject matter as the present action. The Heatleys requested time "to excavate and further test the soil and the septic tank" and to retain an expert witness. We fail to see how further information about the current status of the soil on the Heatley property would have assisted the Heatleys in responding to the Gaithers' motion. The trial court did not abuse its discretion in denying time for additional discovery. *See Regions Fin. Corp.*, 310 S.W.3d at 401.

## III.

The trial court properly dismissed this action based on the doctrine of prior suit pending. Both actions arose from the same transaction or series of transactions. And the trial court did not abuse its discretion in denying the Heatleys' request for additional time for discovery. The requested discovery would not have helped the Heatleys to respond to the motion for summary judgment. So we affirm the trial court's decision.

---

[4] After oral argument in this appeal, the Heatleys moved to supplement the record to include the proceedings on remand of the first case. *See* Tenn. R. App. P. 14(a). The Gaithers opposed the motion. Prior suit pending applies to both issues raised and those that could have been raised in the first suit. *Tallent v. Sherrell*, 184 S.W.2d 561, 563 (Tenn. Ct. App. 1944). Thus, the trial court's decision on the Heatleys' motion to amend the complaint is unnecessary for our decision on this appeal.

_____
W. NEAL MᴄBRAYER, JUDGE