**ESTATE of Dennis McFERREN**

v.

**INFINITY TRANSPORT, LLC**

Supreme Court of Tennessee,
Special Workers' Compensation
Appeals Panel.

June 28, 2005 Session.

May 30, 2006.

**744**

Keith M. Alexander, Southhaven, Mississippi, for the Plaintiff–Appellant, Estate of Dennis McFerren.

Lori Dale Parish, Memphis, Tennessee, for the Defendant–Appellee, Infinity Transport, LLC.

## MEMORANDUM OPINION

CLAYBURN PEEPLES, Sp.J.,
delivered the opinion of the court, in which JANICE M. HOLDER, J., and RON E. HARMON, Sp.J., joined.

This workers' compensation appeal has been referred to and heard by the Special Workers' Compensation Appeals Panel of the Supreme Court in accordance with Tennessee Code Annotated section 50–6–225(e)(3) for hearing and reporting to the Supreme Court of findings of fact and conclusions of law. We find that the trial court did not have jurisdiction over the defendant in the first lawsuit due to insufficient service of process pursuant to Tennessee Rule of Civil Procedure 4.03. The doctrine of prior suit pending does not apply, and the second lawsuit was not barred. The trial court erred in setting aside the default judgment against the defendant and dismissing the plaintiff's complaint. Accordingly, we reverse the judgment of the trial court and remand the case to the trial court for reinstatement of the default judgment against the defendant.

At issue is whether or not a second suit filed against employer for workers' compensation benefits in one division of the Chancery Court for Shelby County is barred by the doctrine of prior suit pending when the sheriff's office lost proof of service of process in first suit with identical issues and parties. Proof showed that forty-nine days after putative service in the first suit the sheriff's department issued a "Lost Letter" verifying service of process but was unable to identify the person upon whom process served or to describe the manner of service. Two months after filing first suit plaintiff filed a second suit with identical issues and parties in a different division of the Shelby County Chancery Court and later moved for a default judgment in the second suit, which was granted by the trial court.

Upon motion to rehear, however, the trial court set aside the previously issued default judgment and dismissed the complaint, relying upon the doctrine of prior suit pending. Plaintiff argues that the prior suit was not pending due to the fact that insufficient service under Rule 4.03 of the Tennessee Rules of Civil Procedure prevented the first court from obtaining in personnum jurisdiction over the defendant and that therefore, the doctrine of prior suit pending could not apply. We agree.

The facts are essentially uncontested. The original plaintiff, Dennis McFerren, filed a complaint for workers' compensation benefits against the defendant, Infinity Transport, LLC, an Arkansas corporation, on October 23, 2003, in the Chancery Court for Shelby County. At the time of filing the complaint was given a docket number of CH–03–2044 and was assigned to Part One of the Chancery Court for Shelby County. It alleged that on January 19, 2003, while working for defendant, Infinity Transport, plaintiff, McFerren, sustained a work-related injury to his lower back and bilateral extremities.

Subsequent to filing first suit plaintiff issued process for service upon National

Registered Agents, Inc., the registered agent for defendant, Infinity Transport, in Tennessee. The office of National Registered Agents, Inc. being in Nashville, Tennessee, process was sent to the sheriff of Davidson County, Tennessee, for service.

On December 11, 2003 the Warrant Division of the Davidson County, Tennessee Sheriff's Department sent a "Lost Letter" notification to the Clerk of Chancery Court for Shelby County, Tennessee indicating that on October 29, 2003 the Davidson County Sheriff's Office had received process relating to the first suit filed, that of October 23, 2003. The Sheriff's letter stated that the Sheriff's Office served the same process the following day, October 30, 2003. The "Lost Letter" notification further stated that the Sheriff's Department had misplaced the original of the process and thus was unable to identify either the person served or to describe the manner of service. Nor was such information forthcoming.

As of January 1, 2004, defendant, Infinity Transport, had filed no response to plaintiff's complaint, and the following day, January 2, 2004, plaintiff filed a second complaint against Infinity Transport alleging precisely the same work-related injuries as had been alleged in the first complaint of October 23, 2003. This complaint, that of January 2, 2004, was given a docket number of CH–04–005 and was assigned to Part Two of the Shelby County Chancery Court. A private process server served process in this second suit upon the chief agent of defendant Infinity Transport's Shelby County, Tennessee office on January 6, 2004.

On February 11, 2004, having received no response from defendant Infinity regarding either complaint, plaintiff filed a motion for default judgment in Cause # CH–04–005, that being the second complaint, that filed on January 2, 2004.

On February 20, 2004, the trial court entered a default judgment against defendant and set a Writ of Inquiry, which was mailed by plaintiff's attorney to defendant's place of business. On March 22, 2004, the court granted plaintiff a judgment in the amount of $42,257.26 plus costs for medical and disability benefits.

Plaintiff subsequently filed that judgment with the State of Arkansas, and on June 2, 2004, defendant, Infinity Transport, filed a petition with the trial court asking that the earlier default judgment be set aside. Prior to this, on May 24, 2004, the original plaintiff, Dennis McFerren, was killed in an automobile accident, but his estate responded to defendant's petition for setting aside the default judgment on June 21, 2004.

On July 6, 2004, the trial court, relying on the doctrine of prior suit pending, entered an order setting aside the default judgment previously entered, dismissed the complaint and taxed the costs to defendant. The trial court opined that it had not been given notice at the original hearing for default judgment that the prior suit had been filed and that plaintiff should have taken a non-suit in the first suit before proceeding with his motion for default judgment in the second. The trial court then remanded further proceedings to Part One of the Chancery Court for Shelby County.

Also on that day, July 6, 2004, defendant Infinity Transport filed an answer to plaintiff's original complaint of October 23, 2003, the first response defendant had made thereto.

On September 7, 2004, the trial court entered a subsequent order on defendant's petition to set aside the default judgment, that order essentially identical to its earlier order, that of July 6, 2004 except that the subsequent order did not remand the case to Part One of the Shelby County

Chancery Court. It is from this order that plaintiff appeals.

There being no dispute as to the facts of the case, as they relate to this appeal, it is now left to us to determine, as a matter of law, whether the doctrine of prior suit pending applies to those facts.

■ There is also no dispute regarding Tennessee's recognition of the doctrine of prior suit pending. For well over a century our courts have consistently held that where two courts have concurrent jurisdiction over a matter, the first of those courts to acquire jurisdiction takes exclusive jurisdiction over it. Any subsequent actions must, therefore, be dismissed. In courts of concurrent jurisdiction, that court which first acquires jurisdiction thereby acquires exclusive jurisdiction. Thus, if there is another suit pending in a court of concurrent jurisdiction between the same parties, concerning the same subject matter, and for the same object, the defendant to the second suit may plead the pendency of the former suit as a defense to the second. *Metro. Dev. & Housing Agency v. Brown Stove,* 637 S.W.2d 876, 878 (Tenn.Ct.App. 1982) (hereinafter "MDHA").

■ The purpose of, and rationale behind, the doctrine of prior suit pending is nothing less than to maintain the integrity of the judicial system and to preserve that unquestioned authority and rank that makes it possible. *Id.* at 882. A similar, but not identical, principle operates in the federal system, there termed the "first-filed" rule. This "first-filed" rule was developed in order to avoid the danger of inconsistent results and the duplication of judicial effort. *Martin v. Townsend,* 1990 U.S. Dist. LEXIS 13955, No. 90–2616, 1990 WL 159923, at *4 (D.N.J. Oct.15, 1990).

■ The authority of that court first acquiring jurisdiction over the subject matter and the parties continues until the matters in issue are disposed of, and no court of coordinate authority is at liberty to interfere with its actions. *Fidelity & Guaranty Life Ins. Co. v. Patricia Lee Futrell Corley, Estate of Robert Leon Corley, and Cheryl Ann Jones Patterson,* 2003 Tenn.App. LEXIS 940, No. W2002–02633–COA–R9–CV, at *9, 2003 WL 23099685, at *4 (Tenn.Ct.App. Dec. 31, 2003).

■ Not only have Tennessee courts consistently recognized the doctrine of prior suit pending, they have been uniform in delineating the requirements prerequisite to its being applied. It has been clearly established, and held repeatedly, that in order for the doctrine of prior suit pending to apply, three conditions must be met; they are as follows:

(1) The two cases must involve identical subject matter, and

(2) The suits must be between the same parties, and

(3) The former suit must be pending in a court of this state having jurisdiction over both the subject matter and the parties.

Each of these three conditions must be met in order for the doctrine to be properly invoked. *MDHA,* 637 S.W.2d at 879 (citing *Cockburn v. Howard Johnson, Inc.,* 215 Tenn. 254, 385 S.W.2d 101 (1964)).

■ That the first two requirements have been met here is readily apparent. Both the parties and the subject matter are identical in each of the two actions. That said, however, there remains the question as to whether the first suit filed by plaintiff was pending in the Chancery Court of Shelby County and whether or not that court had jurisdiction over both parties at the time the second suit was filed. The critical question, and the peg upon which plaintiff hangs his appeal, is whether his former filing of October 23, 2003, in view of the Sheriff of Davidson County's "Lost Letter" proof of service,

was pending in a court of this state *having jurisdiction over both the subject matter and the parties* (emphasis added). Plaintiff claims that due to the lack of information on the Sheriff's return regarding the details of service, the Chancery Court for Shelby County did not obtain jurisdiction over both parties to the litigation, that service of process being insufficient, this deficiency deprived the court of personal jurisdiction over the defendant, one of the parties, and thus, that the suit did not meet the long-stated requirements of the doctrine of prior suit pending.

Both plaintiff and defendant claim that a proper interpretation of Rule 4.03(1) of the Tennessee Rules of Civil Procedure 4.03(1) supports his contention, thus we look to that rule for guidance. Rule 4, Tennessee Rules of Civil Procedure, in pertinent part, provides as follows:

4.01 Summons; Insurance; By Whom Served.; Sanction for Delay–Upon the filing of the complaint the clerk of the court wherein the complaint is filed shall forthwith issue the required summons and cause it, with necessary copies of the complaint and summons, to be delivered for service to any person authorized to serve process. This person shall serve the summons, and the return indorsed thereon shall be proof of the time and manner of service. A summons may be issued for service in any county against any defendant, and separate or additional summonses may be issued against any defendant upon request of plaintiff. Nothing in this rule shall affect existing laws with respect to venue.

4.02 Summons; Form.—The summons shall be issued in the name of the State of Tennessee, be dated and signed by the clerk, contain the name of the court and county, the title of the action, and the file number. The summons shall be directed to the defendant, shall state the time within which these rules require the defendant to appear and defend, and shall notify the defendant that in case of his or her failure to do so judgment by default will be rendered against that defendant for the relief demanded in the complaint. The summons shall state the name and address of the plaintiff's attorney, if any; otherwise, it shall state the plaintiff's address.

4.03 Summons; Return.—(1) The person serving the summons shall promptly make proof of service to the court and shall identify the person served and shall describe the manner of service. If a summons is not served within thirty (30) days after its issuance, it shall be returned with the reasons for the failure to serve stated thereon. The plaintiff may obtain new summonses from time to time, as provided in Rule 3, after any prior summons has been returned unserved, or in the event that such prior summons has not been returned within thirty (30) days after its issuance.

The Tennessee Rules of Civil Procedure govern the service of process, and the Supreme Court has held that the Rules of Civil Procedure are "laws" of this state, in full force and effect, until such time as they are superseded by legislative enactment or inconsistent rules promulgated by the Court and adopted by the General Assembly. *State v. Hodges*, 815 S.W.2d 151, 155 (Tenn.1991) (quoting *Tenn. Dep't of Human Servs. v. Vaughn*, 595 S.W.2d 62, 63 (Tenn.1980)).

We must assume that each word in Rule 4.03 was placed there purposely and that the use of each word was intentional and intended to have meaning and purpose. We find no ambiguity in the wording of the rule. Giving that wording its natural meaning, we find that the failure of the sheriff to identify the person served and to describe the manner of service in plaintiff's first suit did not meet the requirements of Rule 4.03 of the Tennessee Rules of Civil

Procedure. The process server was not identified, nor was the person served, and neither was the manner of service described. Thus, there was no proof of sufficiency of service. Indeed, the record is silent as to the circumstances of that service.

For reasons unexplained, the defendant took no action in response to the first suit filed, or the second, until after the motion for default judgment had been granted. Thus, the first court had no evidence, in view of the defective process, that there was, in fact, personal service upon the defendant that would allow the court to take jurisdiction of the case. The defendant did not file any sort of answer or make any response whatsoever to that first suit until the day upon which his motion to set aside default judgment in the second suit was heard.

Rule 4.03 clearly and specifically requires that a return identify the person upon whom process was served and a description of the manner of service. It requires, in clear, plain words, that certain things be done. Just as clearly, those words either mean something, or they do not. We choose to believe they do, that they set forth a mandatory requirement rather than a discretionary ideal that need not be strictly enforced to confer jurisdiction over a party.

Just as clearly, the Sheriff's "Lost Letter" failed to identify the person upon whom process was served or to describe the manner of service. Neither does the record reveal that information. Therefore, we conclude that process was not effective and thus did not have the necessary validity to bring the defendant so served before the first court for jurisdictional purposes. While, as a general rule, defects in process, and return of service may be waived, that was not done in this case, so the court had no effective proof of service upon

which to take jurisdiction over plaintiff's first suit.

We are not willing to say that defendant's finally filing an answer to the first suit, seven months into the pendency of the second suit, on the day and date of rehearing a motion to set aside a default judgment in the second suit, can properly be construed to waive defects in the original service and thus retroactively confer personal jurisdiction upon the Chancery Court over the defendant in the first action filed.

Defendant's reasons for failing to respond to that original complaint can only be a matter of supposition to us due to the record's silence on that subject, but it can be compellingly argued that had plaintiff continued to pursue his claim based upon his first filing, with its subsequent insufficient service of process, defendant could have effectively argued that those same insufficiencies deprived the court of jurisdiction. The plaintiff was thus faced with a dilemma he chose to resolve by filing the suit anew and insuring that proper service be issued.

While this might not have been his most appropriate or effective course of action, a careful reading of the law in Tennessee regarding the doctrine of prior suit pending leads us to believe that the doctrine was inappropriately applied in this case due to the fact that insufficient service of process deprived the first court of personal jurisdiction over the defendant. We believe the law requires, as it has for over 100 years in Tennessee, that there must be personal jurisdiction over both parties in the first suit, in order for a second suit to be dismissed under the doctrine of prior suit pending. Insufficient service of process prevented that from happening in this case.

Therefore, we reverse the decision of the trial court and remand this matter to the

trial court for further action as appropriate. Costs of appeal are taxed to the appellee, Infinity Transport, LLC, and its surety in which execution may render if necessary.

## JUDGMENT ORDER

PER CURIAM.

This case is before the Court upon the motion for review filed by Infinity Transport, LLC, pursuant to Tenn.Code Ann. § 50–6–225(e)(5)(B), the entire record, including the order of referral to the Special Workers' Compensation Appeals Panel, and the Panel's Memorandum Opinion setting forth its findings of fact and conclusions of law.

It appears to the Court that the motion for review is not well-taken and is therefore denied. The Panel's findings of fact and conclusions of law, which are incorporated by reference, are adopted and affirmed. The decision of the Panel is made the judgment of the Court.

In accordance with Supreme Court Rule 4(A)(3), the Court orders that the opinion of the Special Workers' Compensation Appeals Panel be published.

Costs are assessed to the appellee, Infinity Transport, LLC, for which execution may issue if necessary.

It is so ORDERED.

HOLDER, J., not participating.