IN THE COURT OF APPEALS OF TENNESSEE
AT KNOXVILLE
January 15, 2015 Session

**AMRESCO INDEPENDENCE FUNDING, LLC ET AL. v.
RENEGADE MOUNTAIN GOLF CLUB, LLC ET AL.**

**Appeal from the Chancery Court for Cumberland County
No. 2011-CH-452    Ronald Thurman, Chancellor**

**No. E2014-01160-COA-R3-CV-FILED-MARCH 31, 2015**

This appeal presents the issue of whether service of process was properly effected upon a nonresident defendant. The defendant filed a limited appearance and motion to dismiss pursuant to Tennessee Rule of Civil Procedure 12.02, asserting that he had never been properly served with process. The trial court granted the defendant's motion, finding that service of process was never properly completed pursuant to Tennessee Rule of Civil Procedure 4. The plaintiff has appealed. Discerning no error, we affirm.

**Tenn. R. App. P. 3 Appeal as of Right; Judgment of the Chancery Court
Affirmed; Case Remanded**

THOMAS R. FRIERSON, II, J., delivered the opinion of the court, in which CHARLES D. SUSANO, JR., C.J., and D. MICHAEL SWINEY, J., joined.

G. Kevin Hardin, Knoxville, Tennessee, for the appellant, Business Loan Center, LLC.

C. Douglas Fields, Crossville, Tennessee, for the appellee, Joseph Louis Wucher, Sr.

**OPINION**

I.  Factual and Procedural Background

On April 19, 2002, AMRESCO Independence Funding, LLC ("AIF"), agreed to provide a loan in the amount of $1,333,300 to Renegade Mountain Golf Club, LLC ("Renegade"). Renegade executed a promissory note to document the loan. In addition, Michael Haines, Edward Curtis, and Joseph Wucher, Sr., executed personal guarantees securing repayment of the note. On October 30, 2002, AIF entered into an Asset Purchase Agreement with Business Loan Center, LLC ("BLC"). BLC purchased the assets of AIF, including loans payable, as part of the Asset Purchase Agreement. AIF

accordingly assigned its rights in the subject loan to BLC.

On February 1, 2007, Renegade defaulted according to the terms of the loan at issue due to lack of payment. A complaint[1] was subsequently filed on June 3, 2011, in the Cumberland County Chancery Court, seeking payment of the outstanding loan balance from Renegade and the three individual guarantors. Concomitantly, process was issued by the clerk of the court. Service of process was attempted on Mr. Wucher, a resident of California, through the Tennessee Secretary of State. Such service was unsuccessful. The record contains an affidavit and other documentation from the Secretary of State showing that service of process was attempted via the United States Postal Service but never completed. Moreover, the record contains no evidence that process for Mr. Wucher was ever reissued.

On October 30, 2013, Mr. Wucher filed a limited appearance and motion to dismiss pursuant to Tennessee Rule of Civil Procedure 12.02, asserting that he had never been properly served with process in this action. In response, BLC admitted that Mr. Wucher was never served through the Tennessee Secretary of State. BLC posited, however, that Mr. Wucher had been properly served via certified mail on November 14, 2011. In support of this contention, BLC filed a copy of the envelope in which the complaint and summons were allegedly mailed to Mr. Wucher at his California residence; a United States Postal Service receipt showing a date of mailing of November 14, 2011, along with the costs of the mailing; and a return receipt bearing the signature of an unknown individual who accepted the mailing as "agent."

A hearing was conducted on April 28, 2014, regarding Mr. Wucher's motion to dismiss. Thereafter, the trial court entered an order granting Mr. Wucher's motion. In its order, the trial court, *inter alia*, explained the basis for its ruling:

> As to the motion of Mr. Wucher, the Court is of the opinion that Rule 4 of the Tennessee Rules of Civil Procedure must be considered and applied as a whole, so that notwithstanding the language of section 4.05(5) indicating that service is complete upon mailing, tendering the certified mail card evidencing mailing of certified mail whether received or not, is not sufficient to establish service of process.
>
> The Court finds that the requirements of 4.03(2) must be met as referenced in 4.04(10) and 4.05(a) [and] (b). The record in the case does

---

[1]BLC states in its brief that the initial complaint improperly named AIF as the plaintiff rather than BLC, as BLC was the holder in due course of the note. BLC and AIF subsequently filed a motion seeking to have BLC added or substituted as plaintiff.

not contain any return, original or a copy, of any summons purportedly served on November 21, 2011 nor does the record indicate any summons issued other than the initial summons on June 6, 2011 which the record shows was not served on Defendant.

The Court therefore finds the motion well taken.

\* \* \*

As to Defendant Joseph Louis Wucher, Sr., the Court further finds that the ruling on his motion should be final pursuant to Rule 54.02 of the Tennessee Rules of Civil Procedure, there appearing to be no just reason for delay and there being no recourse for further attempts of service pursuant to Rule 3 of the Tennessee Rules of Civil Procedure. Judgment therefore shall be entered in his favor.

BLC timely appealed.

## II. Issues Presented

BLC presents the following issue for review, which we have restated slightly:

1.  Whether the trial court erred in granting Mr. Wucher's motion to dismiss on the basis of insufficient service of process.

Mr. Wucher presents the following additional issue:

2.  Whether Mr. Wucher should be granted attorney's fees because this appeal is frivolous.

## III. Standard of Review

The issue involved, sufficiency of service of process, is a question of law, which is reviewed *de novo* by this Court without a presumption of correctness. *See State ex rel. Barger v. City of Huntsville*, 63 S.W.3d 397, 398-99 (Tenn. Ct. App. 2001).

## IV. Insufficiency of Service of Process

BLC asserts that it sufficiently proved service by mail upon Mr. Wucher because it filed a copy of the envelope that was sent to the address of Mr. Wucher's California residence, a receipt from the United States Postal Service showing the mailing date and

charges, and the return receipt bearing the signature of an alleged agent of Mr. Wucher. BLC further argues that because Mr. Wucher filed a lawsuit in California asserting that he was not liable on the subject loan shortly after he would have received the mailing, such action proves that he was properly served by mail or otherwise had actual notice of the lawsuit. BLC posits that the service requirements must be construed liberally in favor of finding effective service, citing *Barker v. Heekin Can Co.*, 804 S.W.2d 442, 443 (Tenn. 1994) ("[T]he apparent purpose of T[ennessee] R[ule of] C[ivil] P[rocedure] 4.04 [is] to insure that process is served in a manner reasonably calculated to give a party defendant adequate notice of the pending judicial proceedings."). We note, however, that actual notice of the lawsuit is not "a substitute for service of process when the Rules of Civil Procedure so require." *See Hall v. Haynes*, 319 S.W.3d 564, 572 (Tenn. 2010) (quoting *Frye v. Blue Ridge Neurosci. Ctr., P.C.*, 70 S.W.3d 710, 715 (Tenn. 2002)).

Mr. Wucher contends that Tennessee Rule of Civil Procedure 3 requires that the unserved initial process be reissued before service could be completed. Tennessee Rule of Civil Procedure 3 provides:

> If process remains unissued for 90 days or is not served within 90 days from issuance, regardless of the reason, the plaintiff cannot rely upon the original commencement to toll the running of a statute of limitations unless the plaintiff continues the action by obtaining issuance of new process within one year from issuance of the previous process or, if no process is issued, within one year of the filing of the complaint.

As Mr. Wucher points out, the record demonstrates that the original summons to Mr. Wucher was issued on June 3, 2011. Service of that summons was unsuccessfully attempted through the Tennessee Secretary of State, a point which BLC does not dispute. As the trial court found, there is no evidence in the record that process was ever reissued pursuant to Tennessee Rule of Civil Procedure 3. Therefore, the summons that was subsequently attempted to be served by mail was no longer valid as more than ninety days had passed since its issuance.

Further, BLC did not obtain the issuance of new process within one year from issuance of the previous process, as required by Tennessee Rule of Civil Procedure 3. Mr. Wucher thus posits that the six-year statute of limitations has now run on this breach of contract issue. *See Sims v. Adesa Corp.*, 294 S.W.3d 581, 585 (Tenn. Ct. App. 2008) ("Plaintiffs were required to have process reissued within one year from January 26, 2004. Because the Plaintiffs did not do so, their claim was time-barred.").

Mr. Wucher also contends that service by mail was nonetheless invalid pursuant to Tennessee Rule of Civil Procedure 4.03, which states:

When process is served by mail, the original summons, endorsed as below; an affidavit of the person making service setting forth the person's compliance with the requirements of this rule; and, the return receipt shall be sent to and filed by the clerk. The person making service shall endorse over his or her signature on the original summons the date of mailing a certified copy of the summons and a copy of the complaint to the defendant and the date of receipt of return receipt from the defendant.

In the case at bar, BLC did not file the original summons with proper endorsement. BLC also did not file the required affidavit setting forth the mailer's compliance with the rule.

In *Estate of McFerren v. Infinity Transport*, LLC, 197 S.W.3d 743, 748 (Tenn. 2006), our Supreme Court explained that the requirements of Rule 4.03 are mandatory, stating:

Rule 4.03 clearly and specifically requires that a return identify the person upon whom process was served and a description of the manner of service. It requires, in clear, plain words, that certain things be done. Just as clearly, those words either mean something, or they do not. We choose to believe they do, that they set forth a mandatory requirement rather than a discretionary ideal that need not be strictly enforced to confer jurisdiction over a party.

It is clear that the requirements of Tennessee Rule of Civil Procedure 4.03 were not properly met in this case.

BLC contends that defects in service of process may be waived if not timely challenged by a defendant, relying upon this Court's opinion in *Faulks v. Crowder*, 99 S.W.3d 116, 126 (Tenn. Ct. App. 2002). In *Faulks*, one of the defendants did not raise the defense of noncompliance with Tennessee Rule of Civil Procedure 4.03 until after her initial answer had been filed, the parties had engaged in discovery, and the case had been pending for two years. *Id*. This Court thus ruled that said defendant had waived the defense of ineffective service. *Id*. BLC asserts that the same is true here because Mr. Wucher did not challenge service of process until this case had been pending for over two years. This case is distinguishable from *Faulks*, however, because Mr. Wucher did not file any pleadings prior to his limited appearance and motion to dismiss challenging service of process. Further, the parties herein did not engage in discovery, nor had Mr. Wucher otherwise participated in this action. Therefore, there are no facts supporting a waiver of BLC's noncompliance with Tennessee Rule of Civil Procedure 4.03. As such, we agree with the trial court that service of process was never successfully completed

upon Mr. Wucher in accordance with Tennessee Rules of Civil Procedure 3 and 4. The trial court properly dismissed Mr. Wucher from this action.

## V. Frivolous Appeal

Mr. Wucher asserts that he should receive an award of attorney's fees incurred in defending this appeal, pursuant to Tennessee Code Annotated § 27-1-122. As this Court has previously explained:

> Parties should not be forced to bear the cost and vexation of baseless appeals. Accordingly, in 1975, the Tennessee General Assembly enacted Tenn. Code Ann. § 27-1-122 to enable appellate courts to award damages against parties whose appeals are frivolous or are brought solely for the purpose of delay. Determining whether to award these damages is a discretionary decision.

> A frivolous appeal is one that is devoid of merit, or one that has no reasonable chance of succeeding. Thus, an appeal in which the reviewing court's ability to address the issues raised is undermined by the appellant's failure to provide an adequate record is deemed frivolous because it has no reasonable chance of succeeding.

*Young v. Barrow*, 130 S.W.3d 59, 66-67 (Tenn. Ct. App. 2003) (internal citations omitted). Upon our review of the record, however, we determine that this appeal is not so devoid of merit as to warrant an award of fees on appeal.

## VI. Conclusion

For the reasons stated above, we affirm the trial court's judgment in all respects. Mr. Wucher's request for an award of attorney's fees on appeal is denied. Costs on appeal are assessed to the appellant, Business Loan Center, LLC. This case is remanded to the trial court, pursuant to applicable law, for collection of costs assessed below.

_____
THOMAS R. FRIERSON, II, JUDGE