IN THE COURT OF APPEALS OF TENNESSEE
AT KNOXVILLE
May 13, 2025 Session

## DORIAN JONES v. AUTOMATED BUILDING SYSTEMS INC. ET AL.

**Appeal from the Circuit Court for Washington County**
**No. 39930     John C. Rambo, Chancellor**

_____

**No. E2024-00383-COA-R3-CV**

_____

Appellant sued appellees alleging breach of contract, fraud, and property damage. The trial court granted separate default judgments against the two appellees. Appellees moved the trial court to set aside the default judgments due to a lack of personal jurisdiction and due to mistake, inadvertence, or excusable neglect. The trial court set aside the default judgments over the objections of appellant, and the case proceeded to a bench trial. The trial court involuntarily dismissed appellant's complaint at the conclusion of his case-in-chief. Finding no reversible error, we affirm the judgment of the trial court.

**Tenn. R. App. P. 3 Appeal as of Right; Judgment of the Circuit Court Affirmed**

KRISTI M. DAVIS, J., delivered the opinion of the Court, in which FRANK G. CLEMENT, JR. and THOMAS R. FRIERSON, II, JJ., joined.

Dorian Jones, Johnson City, Tennessee, pro se appellant.

Ricky Lee McVey, II, Kingsport, Tennessee, for the appellees, Automated Building Systems Inc. and Carol Ann Graybeal.

### OPINION

#### BACKGROUND

On May 18, 2020, Dorian Jones filed a Complaint against Automated Building Services, Inc. ("ABS")[1] and Carol Ann Graybeal, ABS's CEO and Registered Agent (Ms. Graybeal and ABS together, the "Defendants"), in the Circuit Court for Washington County (the "trial court") alleging breach of contract, fraud, and property damage. Mr.

---

[1] The correct name of ABS is Automated Building Systems, Inc. Mr. Jones filed an Amended Complaint correcting this error on October 21, 2020.

Jones avers that in November 2018, he paid ABS $3,467.87 to deliver nine trusses, weighing approximately 450 pounds each, "to the worksite adjacent to [Mr. Jones's] residence." He alleges that ABS tried to deliver the trusses twice but because the trucks ABS used were in such poor condition, neither delivery attempt was successful. He alleges that on the second attempt in December 2019, ABS's delivery driver backed into and damaged a lamppost on the property.

Contemporaneous with the filing of the Complaint, the trial court clerk issued a subpoena directed toward Ms. Graybeal in her capacity as ABS's Registered Agent. An Officer's Return dated June 15, 2020 states "Unable to serve because attempted 3 times w/no response return not found." There is no address for Ms. Graybeal included on the face of this subpoena. On April 22, 2021, the clerk of the trial court issued an Alias Civil Summons, which identifies the defendants as Ms. Graybeal in her representative capacity and individually. There is no return on this Alias Summons; however, there is a handwritten notation on the copy in the record that states: "Plnt to serve via cert. mail[.]"

On June 8, 2021, Mr. Jones filed a motion for default judgment pursuant to Tennessee Rule of Civil Procedure 55.01. Mr. Jones claimed that he had attempted to contact Defendants "utilizing several registered mailings and process services by the Washington County and Sullivan County Sheriff's departments to the Defendant as the Registered Corporate Agent and to the Defendant as a named Individual." He alleged that "the Defendant has refused to accept all civil process" and "has been unresponsive" to all the purported service attempts.

The record on appeal contains photocopied images of multiple envelopes. The date these photocopies were filed with the trial court clerk is not clear because they are not file-stamped or clearly attached to any other filing. Regardless, the envelopes reflect that Mr. Jones attempted to send two pieces of certified mail addressed to Ms. Graybeal in her representative capacity at ABS's principal place of business in Johnson City, Tennessee. These envelopes are reproduced below:



The face of each of these envelopes includes a handwritten notation that states: "11:33AM Refused 6/19/21." The faces of the envelopes also contain a sticker with handwritten notations, including a marked box labeled "Refused[,]" the date 6/19/21, and initials that appear to be "SC." The record next contains two envelopes reflecting that Mr. Jones also attempted to send two pieces of certified mail addressed to Ms. Graybeal, individually, at an address in Piney Flats, Tennessee. These envelopes are reproduced below:



The face of these envelopes each include a printed sticker from USPS that states: "Return to Sender Unclaimed Unable to Forward[.]" An additional envelope, reproduced below, reflects that Mr. Jones attempted to send one piece of certified mail addressed to Ms. Graybeal, individually but in the care of ABS, to ABS's Johnson City address:



The face of this envelope also contains handwritten notations that state: "Refused by Carol A. Graybeal" and "Refused @ 10:51AM 7/24/21[.]" The faces of the envelopes also contain a sticker with handwritten notations, including the date 7/24/21, and initials that appear to be "SC." The certified mail return receipt appears to still be attached to this envelope.

The trial court heard Mr. Jones's motion for default judgment on July 22, 2021, and granted it as to ABS but denied it as to Ms. Graybeal, individually. On August 10, 2021, the trial court entered its written order explaining:

. . . The Court file reflects attempted service of process by certified mail. The letter addressed to "Carol Ann Graybeal, Agent for ABS" is marked "Refused" by the postal service. This constitutes valid service of process upon ABS, Inc., pursuant to *T.R.Civ.P.*, Rule 4.04(11).

The certified letter addressed to "Carol Ann Graybeal, an individual" is NOT marked "Refused", but rather is marked "Return to Sender,

- 5 -

Unclaimed, Unable to Forward". This does NOT constitute valid service of process.

The trial court awarded Mr. Jones a judgment of $38,570.37 against ABS.

Mr. Jones filed another motion for default judgment on August 27, 2021, again alleging that he had attempted to contact "the Defendant" through various means but that "the Defendant ha[d] refused to accept all civil process" and had "been unresponsive" to all service attempts. The record next contains a photocopy of another envelope without a file-stamp or accompanying filing. This envelope, reproduced below, reflects that Mr. Jones attempted to send one piece of certified mail to Ms. Graybeal, care of ABS, at ABS's Johnson City address:



There is a single handwritten notation on the face of the envelope that states: "Refused by Carol Ann Graybeal on 9-15-21 @ 6:26 pm[.]"

The trial court heard Mr. Jones's final motion for default judgment on October 15, 2021, and entered an order granting the motion the same day. The trial court found: "The Court file reflects attempted service of process by certified mail. The letter addressed to 'Carol Ann Graybeal' is marked, 'Refused' by the postal service. This constitutes valid service of process upon Carol Anne Graybeal, pursuant to *T.R.Civ.P.*, Rule 4.04(11)." In addition to the previously awarded judgment against ABS, the trial court awarded Mr. Jones a judgment of $38,570.37 against Ms. Graybeal, individually.

On March 31, 2022, Defendants jointly filed a motion for relief from judgment pursuant to Tennessee Rule of Civil Procedure 60.02 due to a lack of personal jurisdiction caused by Mr. Jones's failure to perfect service upon the Defendants and due to mistake, inadvertence, or excusable neglect. In the motion, Defendants asserted that they were never served with process in this matter, that Ms. Graybeal did not recall refusing service

of process, and that they were not aware of the lawsuit until Ms. Graybeal discovered that Mr. Jones had recorded a judgment lien on her property. Defendants noted that the trial court file does not contain a return of the original Alias Civil Summons or any affidavit of the person making service as required by Tennessee Rule of Civil Procedure 4.03. Ms. Graybeal also moved the trial court to set aside the default judgment against her individually because Mr. Jones failed to plead any facts to support piercing the corporate veil. Finally, Defendants moved the trial court to set aside its award for punitive damages because Mr. Jones failed to plead any facts giving rise to punitive damages.

On August 25, 2022, Defendants filed a supplemental Rule 60.02 motion adding the argument that Mr. Jones did not own the property where the lamppost was damaged. Attached to this supplemental motion is a copy of a Quitclaim Deed executed by an individual named Amy Jennings granting Mr. Jones a one-half undivided interest in the real property on which the lamppost is located. Ms. Jennings signed the Deed on May 29, 2020, and it was recorded with the Washington County Register of Deeds on June 15, 2020.

Mr. Jones filed a response in opposition to Defendants' Rule 60.02 motion and had subpoenas issued for an individual named Sandy Clark to appear at the hearing on the motion. Following a number of continuances, the trial court heard the Rule 60.02 motion on September 12, 2022. The court entered an order on September 19, 2022, setting aside the default judgments, releasing the resulting judgment liens, and ordering the parties to mediate the matter within forty-five days of the September 12 hearing. The record on appeal does not contain a transcript of the hearing on the Rule 60.02 motion or any indication that the parties ever attended mediation.

On June 2, 2023, Mr. Jones filed a "Motion to Reconsider to Revise, Alter or [Amend], for Relief from an Order [and] Request for a More Definite Statement." Mr. Jones attached to the motion an affidavit from Sandra Clark, a postal employee, stating in relevant part:

> I cannot testify to what was contained in any of the mailings that were addressed to Ms. Graybeal, but I can categorically state that Ms. Graybeal's claim regarding not having received certified mail from Mr. Jones is a lie, as she did refuse to accept a certified letter from Mr. Jones, which I notated with a "refused" marking on the mail. In fact she refused more than one mailing from Mr. Jones . . .

Mr. Jones also attached an affidavit of Amy Jennings explaining the nature of the relationship between Ms. Jennings and Mr. Jones that led to her execution of the Quitclaim Deed discussed above.

On July 11, 2023, the trial court judge recused himself, and Chancellor John C. Rambo was appointed to preside over the case. On July 24, 2023, the trial court entered

an order stating that it had considered Mr. Jones's motion for relief from judgment, which it construed as a motion for more definite statement pursuant to Tennessee Rule of Civil Procedure 12.05, a motion to alter a judgment pursuant to Tennessee Rule of Civil Procedure 59.04, and a motion for relief from order pursuant to Rule 60.02. The trial court denied Mr. Jones's Rule 12.05 motion, finding that Rule 12.05 only applies to pleadings, not court orders. It also denied his Rule 59.04 motion, finding that such motion was untimely. Finally, it denied his Rule 60.02 motion, finding in relevant part:

> . . . [Mr. Jones] offers as "new evidence" an affidavit from a United States Postal Service employee that, in the same breath, [Mr. Jones] acknowledges "is not in reality 'new' evidence, but corroboration of [Mr. Jones's] prior attestation to the Court." This allegation was known to and considered by the Court when it issued its order. The remainder of [Mr. Jones's] argument is composed of conclusory allegations related, again, to evidence and pleadings previously available to the Court.

> The Court finds no legal or factual basis pursuant to Rule 60.02 or any of the subsections (1) through (5) set forth therein to provide relief or to vacate the Court's Order Setting Aside Default Judgments entered on September 19, 2022. The Court finds no error of law, fact, or any other legal or substantive basis under Rule 60.02 for the relief requested.

(Record citation omitted).

The case proceeded to a bench trial on February 26, 2024. On May 8, 2024, the trial court entered a final order finding in relevant part:

> In his opening statement at trial, [Mr. Jones] remained fixated upon his dissatisfaction with the decisions of the Circuit Court in setting aside the default judgments. [Mr. Jones] was reminded by the Court that that question had been previously adjudicated and that the parties were present for trial on [Mr. Jones's] Complaint. [Mr. Jones] persisted in dwelling on the Circuit Court's prior orders. In so doing, this Court found that [Mr. Jones] waived his right to an opening statement.

> The sole evidence offered by [Mr. Jones] was his own testimony. [Mr. Jones's] testimony again focused on his discontent with the Circuit Court's ruling that set aside the default judgments. [Mr. Jones] offered no testimony concerning Defendants' alleged acts and omissions, nor about damages [Mr. Jones] may have suffered. [Mr. Jones] introduced no exhibits or other evidence of any kind.

The Court finds that [Mr. Jones] failed to produce exhibits or testimony indicating what Defendants did to him, when they did it, and an amount of damages for what was allegedly done. No testimony was offered regarding negligence by Defendants or damages caused. [Mr. Jones] did not present evidence sufficient to enable the Court to make a fair and reasonable assessment of the damages. [Mr. Jones] is essentially asking the Court to award damages based upon mere conjecture or speculation. Accordingly, and consistent with the law of Tennessee, the cause of action was dismissed at end of [Mr. Jones's] case-in-chief for failure to provide any evidence regarding his cause of action and damages.

Mr. Jones appeals.

## ISSUES

Mr. Jones raises seven issues, which we consolidate and restate as follows:

1.      Whether the trial court erred in granting Defendants' Rule 60.02 motion to set aside the default judgments.

2.      Whether Defendants have misconstrued the complaint "by claiming that the entirety of the Judgment refers to damages that Defendant[s] allege[] to be Real Property, contrary to the Complaint which lists all damage being done to [Mr. Jones's] Property . . ." and "states that [] a major portion of the Complaint is based on a failure to deliver [Mr. Jones's] paid for merchandise."

3.      Whether Mr. Jones should have been provided an opportunity to cure any standing issue by making the real party in interest a party to the proceeding.

## DISCUSSION

### a.

"In general, we review a trial court's ruling on a request for relief from a final judgment under Rule 60.02 of the Tennessee Rules of Civil Procedure . . . pursuant to the abuse of discretion standard." *Turner v. Turner*, 473 S.W.3d 257, 268 (Tenn. 2015) (citing *Discover Bank v. Morgan*, 363 S.W.3d 479, 487 (Tenn. 2012)). However, we "apply de novo review, with no presumption of correctness, when reviewing a trial court's ruling on a Tennessee Rule 60.02(3) motion to set aside a judgment as void" due to a lack of jurisdiction over a defendant. *Id.* at 269. To obtain relief under Rule 60.02, the moving party must "establish by clear and convincing evidence that [they are] entitled to relief." *Hussey v. Woods*, 538 S.W.3d 476, 483 (Tenn. 2017) (quoting *McCracken v. Brentwood United Methodist Church*, 958 S.W.2d 792, 795 (Tenn. Ct. App. 1997)). "Evidence is clear

and convincing when it leaves 'no serious or substantial doubt about the correctness of the conclusions drawn.'" *Id.* (quoting *Goff v. Elmo Greer & Sons Constr. Co.*, 297 S.W.3d 175, 187 (Tenn. 2009)). However, as the Tennessee Supreme Court recently explained:

> . . . In recognition that default judgments are not favored under Tennessee law, our courts construe requests to set aside a judgment "much more liberally in cases involving a default judgment than in cases following a trial on the merits." *Henry* [*v. Goins*], 104 S.W.3d [475,] 481 [(Tenn. 2003)]. Thus, as a general matter, a trial court ordinarily should exercise its discretion in favor of allowing a case to be heard on its merits. *Parks v. Mid-Atlantic Fin. Co.*, 343 S.W.3d 792, 798 (Tenn. Ct. App. 2011) (citing *Patterson v. SunTrust Bank*, 328 S.W.3d 505, 509–10 (Tenn. Ct. App. 2010)). To that end, this Court has stated that a request to vacate a default judgment "should be granted if there is reasonable doubt as to the justness of dismissing the case before it can be heard on its merits." *Henry*, 104 S.W.3d at 481.

*Youree v. Recovery House of E. Tenn., LLC*, 705 S.W.3d 193, 203 (Tenn. 2025).

"A court obtains personal jurisdiction over a party defendant by service of process." *Turner*, 473 S.W.3d at 271 (citing *Ramsay v. Custer*, 387 S.W.3d 566, 568 (Tenn. Ct. App. 2012)). "A judgment rendered by a court lacking either personal or subject matter jurisdiction is void." *Id.* at 270 (citing *Ins. Corp. of Ir. v. Compagnie des Bauxites de Guinee*, 456 U.S. 694, 694 (1982); *Hood v. Jenkins*, 432 S.W.3d 814, 825 (Tenn. 2013); *Gentry v. Gentry,* 924 S.W.2d 678, 680 (Tenn. 1996)). To confer personal jurisdiction, "[s]ervice of process must strictly comply [with] Rule 4 of the Tennessee Rules of Civil Procedure." *Watson v. Garza*, 316 S.W.3d 589, 593 (Tenn. Ct. App. 2008) (quoting *Wallace v. Wallace*, No. 01A01-9512-CH-00579, 1996 WL 411627, at *2 (Tenn. Ct. App. July 24, 1996)). "[T]he fact that the defendant had actual knowledge of attempted service does not render the service effectual if the plaintiff did not serve process in accordance with the rules." *Id.* (citing *Wallace*, 1996 WL 411627, at *2).

Mr. Jones relies on Rule 4.04(11) to argue that he obtained adequate service upon Defendants. Rule 4.04(11) provides:

> When service of a summons, process, or notice is provided for or permitted by registered or certified mail under the laws of Tennessee and the addressee or the addressee's agent refuses to accept delivery and it is so stated in the return receipt of the United States Postal Service, the written return receipt if returned and filed in the action shall be deemed an actual and valid service of the summons, process, or notice. Service by mail is complete upon mailing.

Tenn. R. Civ. P. 4.04(11).  However, a plaintiff cannot perfect service by relying on Rule 4.04(11) alone.  He must also satisfy the requirements of Rule 4.04(10):

> Service by mail of a summons and complaint upon a defendant may be made by the plaintiff . . . . Such person shall send, postage prepaid, a certified copy of the summons and a copy of the complaint by registered return receipt or certified return receipt mail to the defendant. . . . The original summons shall be used for return of service of process pursuant to Rule 4.03(2). Service by mail shall not be the basis for the entry of a judgment by default unless the record contains either: (a) a return receipt showing personal acceptance . . . ; or (b) a return receipt stating that the addressee or the addressee's agent refused to accept delivery, which is deemed to be personal acceptance by the defendant pursuant to Rule 4.04(11). If the defendant is a domestic corporation . . . a refusal to accept delivery shall be the basis for a default judgment only where the motion for default is accompanied by evidence from the Tennessee Secretary of State showing that moving party made the certified mail service with the correct entity name and the correct name and address for the registered agent authorized by law to receive service of process. If service by mail is unsuccessful, it may be tried again or other methods authorized by these rules or by statute may be used.

Tenn. R. Civ. P. 4.04(10) (emphasis added).  Finally, Rule 4.03 requires:

> (1) The person serving the summons shall promptly make proof of service to the court and shall identify the person served and shall describe the manner of service. If a summons is not served within 90 days after its issuance, it shall be returned stating the reasons for failure to serve. . . .
>
> (2) When process is served by mail, the original summons, endorsed as below; an affidavit of the person making service setting forth the person's compliance with the requirements of this rule; and, the return receipt shall be sent to and filed by the clerk. The person making service shall endorse over his or her signature on the original summons the date of mailing a certified copy of the summons and a copy of the complaint to the defendant and the date of receipt of the return receipt from the defendant. If the return receipt is signed by the defendant, or by a person designated by Rule 4.04 or by statute, service on the defendant shall be complete. If not, service by mail may be attempted again or other methods authorized by these rules or by statute may be used.

Tenn. R. Civ. P. 4.03 (emphasis added).  These requirements are "a means to prove that service of process has actually been accomplished." *Fair v. Cochran*, 418 S.W.3d 542, 546 (Tenn. 2013) (citing *Royal Clothing Co. v. Holloway*, 347 S.W.2d 491, 492 (Tenn.

1961); *Brake v. Kelly*, 226 S.W.2d 1008, 1011 (Tenn. 1950)); *see* Tenn. R. Civ. P. 4.01(1) ("[T]he return endorsed [on a summons] shall be proof of the time and manner of service" thereof.). "We must assume that each word in Rule 4.03 was placed there purposely and that the use of each word was intentional and intended to have meaning and purpose." *Est. of McFerren v. Infinity Transp., LLC*, 197 S.W.3d 743, 747 (Tenn. Workers Comp. Panel 2006). Accordingly, strict compliance with Rule 4.03's mandatory requirements is necessary to confer jurisdiction over a party. *Id.* at 748.

Mr. Jones purports to have attempted to serve Defendants via certified mail. However, the trial court record does not contain any return on the Alias Civil Summons as required by Rules 4.04(10) and Rule 4.03(2) or any affidavit of Mr. Jones as required by Rule 4.03. Despite Mr. Jones's numerous unsworn filings, without a Rule 4.03 affidavit from Mr. Jones, there is nothing in the record to indicate that any of the certified mailings purportedly refused by Ms. Graybeal actually contained a certified copy of the summons and a copy of the complaint as required by Rule 4.04(10). Ms. Graybeal's purported refusal to accept the certified mailings from Mr. Jones does not cure these deficiencies. Likewise, an affidavit from Ms. Clark, who "cannot testify to what was contained in any of the mailings that were addressed to Ms. Graybeal," cannot cure these deficiencies.

Lastly, these deficiencies are not cured by Mr. Jones's attempt to supplement the record on appeal. On October 15, 2024, Mr. Jones filed with this Court a motion to supplement the record on appeal pursuant to Tennessee Rule of Appellate Procedure 24(e) to "include copies of the various Summonses in the Technical Record[.]" The record on appeal is filed with this Court by the clerk of the relevant trial court and is meant to "convey a fair, accurate and complete account of what transpired in the trial court with respect to those issues that are the bases of appeal." Tenn. R. App. P. 24(g). Pursuant to Rule 24(e):

> If any matter properly includable is omitted from the record, is improperly included, or is misstated therein, the record may be corrected or modified to conform to the truth. Any differences regarding whether the record accurately discloses what occurred in the trial court shall be submitted to and settled by the trial court regardless of whether the record has been transmitted to the appellate court. Absent extraordinary circumstances, the determination of the trial court is conclusive.

Tenn. R. App. P. 24(e). This Court remanded the motion to supplement to the trial court for disposition, and the clerk of the trial court filed a supplemental technical record with this Court on December 26, 2024. The supplemental technical record contains an order denying Mr. Jones's motion to supplement the record and finding in relevant part:

> [Mr. Jones] requests the addition of a listing of several summonses that [Mr. Jones] submitted to the Court enclosed in a series of envelopes for inclusion in the record on appeal (this Court is unable to discern when these items were

filed). The Court finds that no matter properly includable has been omitted from the record, has been improperly included, or has been misstated therein, and that the record does not require supplementation. None of this was presented at trial, and his most recent pleadings asking for their inclusion in the record do not disclose why they were not presented at trial.

Mr. Jones does not contest this determination by the trial court or offer any extraordinary circumstances why the trial court's denial of his motion should not be conclusive. Therefore, we leave this denial undisturbed.

Although "[f]ailure to promptly file proof of service does not affect the validity of service[,]" Tenn. R. Civ. P. 4.03(3) (emphasis added), the issue here is that Mr. Jones has filed no competent proof of service, timely or otherwise. Moreover, in the absence of a transcript from the hearing on Defendants' Rule 60.02 motion, "we must presume that the record would have supported the trial court's findings." *City of Pigeon Forge v. RLR Invs., LLC*, No. E2023-01802-COA-R3-CV, 2025 WL 1261263, at *10 (Tenn. Ct. App. Apr. 30, 2025) (citing *Sherrod v. Wix*, 849 S.W.2d 780, 783 (Tenn. Ct. App. 1992)). Mr. Jones had not perfected service upon ABS or Ms. Graybeal at the time the trial court entered the default judgments; thus, the default judgments were void due to a lack of personal jurisdiction. Accordingly, the trial court did not err in granting Defendants' Rule 60.02 motion to set aside the default judgments.

b.

Mr. Jones's remaining issues address substantive arguments made by Defendants in the trial court proceedings. However, Mr. Jones does not point to any alleged error by the trial court with respect to these substantive issues; he could not, because the only evidence presented by Mr. Jones at trial centered upon the propriety of the trial court's prior grant of Defendants' Rule 60.02 motion. Because the trial court involuntarily dismissed Mr. Jones's amended complaint at the conclusion of his case-in-chief pursuant to Tenn. R. Civ. P. 41.02 due to his failure to present any evidence to support his substantive claims, the court never reached Defendants' arguments with which Mr. Jones takes issue. "This is a court of appeals and errors, and we are limited in authority to the adjudication of issues that are presented and decided in the trial courts[.]" *Dorrier v. Dark*, 537 S.W.2d 888, 890 (Tenn. 1976); *see* Tenn. Ct. App. R. 6(a) ("Written argument in regard to each issue on appeal shall contain: (1) A statement by the appellant of the alleged erroneous action of the trial court . . ."). Because the trial court did not decide these issues below, we cannot address them for the first time on appeal.

## CONCLUSION

For the aforementioned reasons, we affirm the judgment of the Circuit Court for Washington County. Costs of this appeal are taxed to the appellant, Dorian Jones, for which execution may issue if necessary.

_____
KRISTI M. DAVIS, JUDGE